# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN LEE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-CV-418-TCK-FHM |
| ) | |
| OK-DOC BOARD OF CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff John Lee Johnson, an Oklahoma prisoner appearing pro se, commenced this 42 U.S.C. § 1983 action on July 17, 2017, by filing a civil rights complaint (Dkt. # 1). He filed an amended complaint (Dkt. # 11) on November 22, 2017, naming two defendants: Governor Mary Fallin, in her official capacity, and the Oklahoma Board of Corrections. In his amended complaint, Johnson alleges an ongoing deprivation of his federal rights under the Equal Protection Clause arising from the Defendants' enforcement of OKLA. STAT. tit. 57, § 549(A)(5), as amended in 2014. Dkt. # 11, at 2-5. By Order filed January 16, 2018 (Dkt. # 13), the Court screened the amended complaint pursuant to 28 U.S.C. § 1915A, dismissed Governor Fallin as a defendant, and determined that Johnson's factual allegations, accepted as true, state a plausible equal-protection claim against the Board. The Court subsequently directed service of process on the Board. Dkt. # 14. On March 5, 2018, the Board moved to stay this action and requested an order directing the Oklahoma Department of Corrections (ODOC) to submit a special report. Dkt. # 18. By Order filed March 16, 2018 (Dkt. # 20), the Court granted the Board's motion, directed the ODOC to submit a special report, and stayed the case pending receipt of the special report and the parties' pleadings. The ODOC submitted a special report (Dkt. # 21) on May 14, 2018.

Before the Court is the Board's Fed. R. Civ. P. 12(b)(6) motion to dismiss the amended complaint (Dkt. # 22), filed May 15, 2018. Johnson filed a timely response (Dkt. # 23), opposing the motion and objecting to portions of the special report.[1] For the reasons discussed below, the Court denies the Board's motion.

## I.     Background[2]

Johnson is currently serving 10 consecutive 1,000-year prison sentences following his convictions, in the District Court of Tulsa County, Case No. CRF-1997-3991, of two counts of second degree rape by instrumentation, four counts of sexual battery, two counts of kidnapping, and two counts of forcible sodomy. Dkt. # 11, at 4; Dkt. # 21-1, at 2; Dkt. # 22, at 1.

Under OKLA. STAT. tit. 57, § 549(A)(5), the Oklahoma Board of Corrections is required to place "not less than twenty percent (20%)" of an inmate's wages into the inmate's "mandatory

---

[1]  Because the ODOC and the parties complied with the Court's directives in the order granting the stay, the Court hereby lifts the stay.

[2]  The following facts are drawn from the amended complaint, documents that the amended complaint incorporates by reference, and documents referred to in the complaint to the extent those documents are central to Johnson's claim and the parties do not dispute the authenticity of those documents. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (discussing materials district court may examine without converting Rule 12(b)(6) motion to summary judgment motion). The Court includes facts from the special report (Dkt. # 21) only to the extent those facts do not refute facts specifically pled by Johnson. *See Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993) ("In determining whether a plaintiff has stated a claim, the district court may not look to the *Martinez* report, or any other pleading outside the complaint itself, to refute facts specifically pled by a plaintiff, or to resolve factual disputes."). To the extent the parties disagree on the facts, the Court accepts as true the well-pleaded factual allegations in Johnson's amended complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The Court may also consider the parties' legal arguments without converting the Rule 12(b)(6) motion to a motion for summary judgment. *Cty. of Santa Fe, N.M. v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1035 (10th Cir. 2002).

savings" account and to make the funds from that account "payable to the prisoner upon his or her discharge." In 2014, the Oklahoma Legislature amended OKLA. STAT. tit. 57, § 549(A)(5) to provide an exemption from the mandatory-savings rule for inmates serving "a sentence of life without the possibility of parole." *See* 2014 Okla. Sess. Law Serv. Ch. 265 (H.B. 2486) (West).

Johnson alleges that his 10 consecutive 1,000-year prison sentences are "tantamount" to a sentence of life without the possibility of parole (LWOP). Dkt. # 11, at 4. He further alleges that OKLA. STAT. tit. 57, § 549(A)(5), as amended in 2014, "runs afoul of the Equal Protection clause" because it exempts LWOP offenders from the mandatory-savings rule but does not also exempt non-LWOP offenders, like him, "who, because of [their] lengthy sentences, have no realistic chance for parole." Dkt. # 11, at 4-5. Johnson further alleges that "[t]here seems [to be] no logical or sensible justification" for not providing the same exemption to non-LWOP offenders who are unlikely to ever be discharged from prison. *Id.* at 5.

## II. Analysis

In seeking dismissal of the amended complaint under Rule 12(b)(6), the Board asserts that Johnson fails to state an equal-protection claim. Dkt. # 22, at 3-5. The Board's motion appears to rest on one argument: Johnson's claim fails because the Oklahoma Legislature has a rational basis for "determin[ing] that only LWOP offenders should be exempt from the mandatory savings requirement." *Id.* at 4.

Johnson urges the Court to deny the Board's motion for two reasons: first, because "[t]he Court has already found [his] claims and allegations, accepted as true, to be sufficient to state a plausible equal-protection violation," and second, because the legislative exemption that applies

only to LWOP offenders "lack[s] rational consideration" as it "operate[s] to the peculiar disadvantage of [Johnson] and those of his 'suspect' class." Dkt. # 23, at 4.[3]

## A. Dismissal standards

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful in fact, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint need not contain "detailed factual allegations" but it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Additionally, when a plaintiff appears

---

[3] In his response, Johnson also objects to the special report on two grounds. First, he contends the special report incorrectly states that he is serving 9,000 years in prison rather than 10,000 years. Dkt. # 23, at 2. The Court agrees that the special report misstates this fact by apparently overlooking one of Johnson's 10 convictions as reported on his Consolidated Record Card. *See* Dkt. # 21, at 3; Dkt. # 21-1, at 2. However, the Board correctly notes in its Rule 12(b)(6) motion that Johnson has 10 convictions and 10 corresponding 1,000-year prison terms. Dkt. # 22, at 1. In any event, the Court will disregard the incorrect statement in the special report as it conflicts with the factual allegation in the amended complaint. *See supra* n.2. Second, Johnson contends the special report "seemingly offers non-essential information." Dkt. # 23, at 2. For the most part, the Court agrees. The special report does, however, reflect that Johnson exhausted his administrative remedies as to his equal-protection claim, as required by 42 U.S.C. § 1997e(a). Dkt. # 21, at 5-7. The Court will consider the special report to the extent the information therein is relevant to resolving the Rule 12(b)(6) motion.

pro se, the court must liberally construe the complaint. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). At the motion-to-dismiss stage, a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable . . . ." *Straub v. BNSF Ry. Co.*, 909 F.3d 1280, 1287 (10th Cir. 2018) (quoting *Twombly*, 550 U.S. at 556). But a complaint should be dismissed "when the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

### B. The amended complaint states a plausible equal-protection claim.[4]

To survive a motion to dismiss for failure to state a § 1983 claim, a plaintiff must plausibly allege the "(1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).

---

[4] Johnson first argues that this Court should summarily deny the Board's motion because the Court "has already found [his] claims and allegations, accepted as true, to be sufficient to state a plausible equal-protection violation and, therefore to state a plausible § 1983 claim." Dkt. # 23, at 4. The Court did determine, on preliminary screening, that the amended complaint states a plausible claim against the Board. Dkt. # 13, at 3-4. But the fact that a complaint survives preliminary screening under § 1915A neither precludes a defendant from seeking dismissal under Rule 12(b)(6) nor requires a court to deny such a motion. *See, e.g.*, *Garewal v. Sliz*, 611 F. App'x 926, 931 (10th Cir. 2015) (unpublished) ("Simply put, the fact that a district court does not dismiss a complaint under § 1915A does not mean that the complaint will necessarily withstand a defendant's challenge to its plausibility under Rule 12(b)(6)."); *Jones v. Lehmkuhl*, No. 11-CV-02384-WYD-CBS, 2013 WL 6728951, at *7 (D. Colo. Dec. 20, 2013) (unpublished) (distinguishing between screening civil complaints under § 1915(e)(2) and considering dismissal under Rule 12(b)(6) and concluding, "Plaintiff's ability to pass the initial screening process under § 1915 does not preclude Defendants from challenging the legal sufficiency of the Second Amended Complaint under Rule 12(b)(6)"); *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) (reasoning that § 1915's "sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring"). The Court therefore rejects Johnson's invitation to summarily deny the motion to dismiss.

As previously stated, Johnson claims the Board's enforcement of OKLA. STAT. tit. 57, § 549(A)(5) constitutes an ongoing deprivation of his constitutional right to equal protection of the law. Dkt. # 11, at 4-5. "The Fourteenth Amendment guarantee of equal protection 'is essentially a direction that all persons similarly situated should be treated alike.'" *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1215 (10th Cir. 2009) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). At a minimum, to state a plausible equal-protection violation a plaintiff must allege (1) that he was treated differently from others who are similarly situated and (2) that there is no legitimate purpose for the government's discriminatory treatment. *Brown v. Montoya*, 662 F.3d 1152, 1173 (10th Cir. 2011).

Liberally construed, Plaintiff's amended complaint states a plausible equal-protection violation. Plaintiff states that he is similarly situated to LWOP offenders because that he is serving 10 consecutive 1,000-year prison sentences and has "no realistic chance for parole." Dkt. # 11, at 4-5. He alleges that the Board, by enforcing OKLA. STAT. tit. 57, § 549(A)(5), as amended in 2014, treats non-LWOP offenders who are serving lengthy sentences with "no realistic chance for parole" differently than LWOP offenders by exempting only LWOP offenders from the mandatory-savings rule. *Id.* Johnson further alleges that "[t]here seems [to be] no logical or sensible justification" for not providing the same exemption to non-LWOP offenders who, like him, are serving "such lengthy sentences" that they likely will not be discharged from prison within their lifetimes. *Id.* The Court finds these factual allegations, accepted as true, are sufficient to state a plausible equal-protection violation and, therefore to state a plausible § 1983 claim. *See Schaffer*, 814 F.3d at 1155; *Brown*, 662 F.3d at 1173.

Nothing in the Board's Rule 12(b)(6) motion persuades the Court to find otherwise. After discussing Rule 12(b)(6) dismissal standards, the Board essentially ignores them and asks this Court to dismiss the amended complaint because, in the Board's view, Johnson cannot prevail on the merits of his claim. Dkt. # 22, at 2-5. Specifically, the Board argues that the challenged "legislation survives rational basis review, and Plaintiff's equal protection claim fails." Dkt. # 22, at 5. As this case proceeds, that may prove to be true. Ultimately, Johnson will bear the burden to prove that he is, in fact, similarly situated to LWOP offenders. *See Taylor v. Roswell Indep. Sch. Dist.*, 713 F.3d 25, 54 (10th Cir. 2013) (explaining that "[t]he Equal Protection Clause does not forbid classifications. It simply keeps governmental decisionmakers from treating differently persons *who are in all relevant respects alike*." (emphasis in original) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992))). And because the challenged legislation is subject to rational-basis review,[5] Johnson will also bear the heavy burden "to negative every conceivable basis which might support it." *United States v. Titley*, 770 F.3d 1357, 1359 (10th Cir. 2014) (quoting *Heller v. Doe*, 509 U.S. 312, 320 (1993)).

But the question presently before the Court is not whether Johnson will prevail on his equal-protection claim; rather, the question before the Court is whether Johnson's claim is plausible. *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011); *Twombly*, 555 U.S. at 570. In

---

[5] "Unless a legislative classification burdens a fundamental right or targets a suspect class, courts will uphold it if it is rationally related to a legitimate end." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998). Johnson briefly references a "suspect class" in his response. Dkt. # 23, at 4. But prisoners are not a suspect class. *White v. Colorado*, 157 F.3d 1226, 1234 (10th Cir. 1998). Thus, the law challenged here is subject to rational-basis review.

resolving that question, this Court must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)," *Twombly*, 550 U.S. at 555, and allow the complaint to proceed "even if it appears 'that recovery is very remote and unlikely," *id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  Because the Court finds Johnson's factual allegations, accepted as true, state a plausible equal-protection claim, the Court denies the Board's motion to dismiss.

## III.    Conclusion

Based on the foregoing analysis, the Court denies the Board's motion to dismiss the amended complaint for failure to state a claim upon which relief may be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.    The stay in this case is **lifted**.

2.    The Board's motion to dismiss the amended complaint (Dkt. # 22) is **denied**.

**DATED** this 8th day of January 2019.

**TERENCE KERN**
**United States District Judge**